## MARY LEE WHITE v. HAROLD ALLEN WHITE.

Western Section.   June 30, 1931.

Petition for Certiorari denied by Supreme Court, December 19, 1931.

W. P. Lopez, of Memphis, for appellant.

C. L. Neely, Divorce Proctor, of Memphis, for appellee.

HEISKELL, J. The complainant, Mary Lee White, filed her bill for divorce in the Circuit Court of Shelby County, Tennessee, against Harold White, defendant, a resident of the City of New York at the time of the filing of the bill, alleging that she was a resident citizen of Shelby County, Tennessee.

The decree in the case is as follows:

"This cause came on to be heard before the Hon. Brahan Houston, Special Judge, Division IV, upon the bill of the complainant, the pro confesso heretofore taken and entered against the defendant and the oral testimony heard and adduced in open court, from all of which the Court finds:

"That the complainant was a resident citizen of Shelby County, Tennessee, and during the year of 1927 went to New York City and was employed as an actress on the R. K. O. Circuit. While in Detroit, Michigan, on December 27, 1927, she married the defendant, domiciled in Michigan; they resided there a few days, but the nature of her work and his work called them from city to city and they never resided in one place more than two (2) weeks at a time, and thereupon, while in the City of New York on June 19, 1930, after a return from a tour of the R. K. O. Circuit they separated.

"The Court finds that the facts alleged and proved by the complainant to be such as to authorize and award her a divorce, but the Court further finds that it is without jurisdiction, as a matter of law the complainant's domicile is that of her husband.

"The Court further finds that by reason of the premises and only by reason thereof that it is without jurisdiction to grant her a divorce and, therefore, dismisses the said bill of complainant.

"An exception is allowed to the entry of this order and an appeal granted upon the complainant's executing a bond for costs as required by law or taking the oath prescribed for poor persons, and she is allowed thirty (30) days within which to file a bill of exceptions. All of which is ordered by the Court."

Complainant has appealed and assigned error, as follows:

"The Court erred in dismissing complainant's bill for divorce upon the grounds that it did not have jurisdiction of the case as a matter of law and in holding that the complainant's domicile is that of her husband and overruling the complainant's contention that her domicile was Shelby County, Tennessee."

Counsel for complainant in his brief seems to contend that the Court treated the question of complainant's domicile as a question of law and not a question of fact. The Court heard all the evidence offered by complainant without objection and we take it what the Court meant to hold was that the complainant had not, as a matter of fact, shown a domicile in Shelby County, Tennessee, and therefore the Court had no jurisdiction. The proof is very meagre. Complainant could have made it fuller if she had desired. The whole testimony as to domicile is that the complainant was a native of Memphis and lived there until 1927 when she went to New York to enter upon a theatrical career. That in December, 1927, she married the defendant who was a native of Michigan, at Detroit in that State. That they traveled, not staying in one place more than two weeks at a time, until June 19, 1930, when she left him in New York. She says she has always maintained her domicile in Memphis, but she states no facts to support this except that she was born and lived in Memphis. This suit was brought on September 3, 1930.

The court was warranted in finding that the husband's domicile was in Michigan. Being in the theatrical business and traveling on circuit they could not live in one place and the domicile of the wife is presumed to be that of the husband. It is to be presumed when she married him she intended his home to be her home. Ordinarily the domicile of the husband determines that of the wife. Hascall v. Hafford, 107 Tenn., 355; Prater v. Prater, 87 Tenn., 78; McClelland v. Carroll (Ch. App.), 42 S. W., 185; Williams v. Saunders, 5 Cold., 60; Farris v. Sipes, 99 Tenn., 298.

Conceding that she might prove the contrary, the proof in the record is not sufficient to support the contention that she retained her domicile in Memphis. She and defendant lived together for two years and six months. There is nothing to show that during that time she had a home in Memphis or had any intention of returning to Memphis. It is not sufficient for her to say now that she did not intend to give up the mere technical domicile resulting from being born in Memphis. The presumption that she intended his home to be her home even considered as mere evidence is of more weight than her testimony to the contrary.

It is not necessary to enter into a discussion of the numerous cases cited by counsel for complainant. We do not differ with any of of them, but none of them are like this case. If complainant had not married, had simply gone to New York and then gone on the theatrical circuit, she might have stayed away from Memphis for years without losing her domicile, but when she takes a man for better or for worse, whose domicile is in Michigan, it would to say the least, require clear, cogent and convincing proof to show that she intended to retain her domicile in Memphis. If a woman could leave

this jurisdiction, go to another state, marry a man who had a home there, live with him for five or ten years, then leave him, albeit for good and sufficient cause, come back to Memphis and the day she arrives sue him for divorce, alleging that she never intended to give up her domicile based on nativity alone, it would be to outstrip. either Arkansas or Nevada.

The assignment of error is overruled and the judgment of the lower court is affirmed.

Owen and Senter, JJ., concur.