454

JANINE P. COURY, Petitioner,

*v.*

STATE ex rel. HARRY L. WEBSTER and MR. AND MRS. W. C. WEBSTER, Respondents.

374 S. W. 2d 397

(*Jackson*, April Term, 1963.)

Opinion filed January 8, 1964.

HUNTER LANE, JR., Memphis, LANE & LANE, Memphis, of counsel, for petitioner.

WILLIAM M. WALSH, Memphis, HANOVER, HANOVER, HANOVER & WALSH, Memphis, of counsel, for respondents.

MR. JUSTICE HOLMES delivered the opinion of the Court.

This case involves the custody of three minor children of the parties, a girl, fifteen years of age, and two boys, eight and six years of age at the time these proceedings were instituted. The question presented is whether or not an order entered by the District Court of Tulsa County, Oklahoma on April 18, 1962 is entitled to full faith and credit in Tennessee and precludes the courts of this state

from deciding on the merits the manifest best interest of these children. The Trial Court held that the Oklahoma order was not entitled to full faith and credit and dismissed a cross-petition for habeas corpus predicated upon the order of the Oklahoma Court. The majority opinion of the Court of Appeals reversed and sustained the cross-petition of the father. We have granted certiorari and have heard oral argument.

On October 20, 1960 the mother of these children, now Mrs. James P. Coury, was granted a divorce from their father, Harry L. Webster, by the Oklahoma Court and was awarded their custody. The children resided with their mother in Tulsa, Oklahoma until May 22, 1961, at which time an order was entered in the District Court of Tulsa County, Oklahoma finding that it was to the best interest of these children that their mother be allowed to move to Memphis, Tennessee, and to take the children with her. This order further provided that the mother be allowed to leave the children in the care and custody of their paternal grandparents, Mr. and Mrs. W. C. Webster of Memphis, while the mother visited her mother in France during June and July, 1961. This order further recited that the Oklahoma Court retained jurisdiction over the custody of these children during their minority. The children have resided in Memphis with their mother since August, 1961. In January, 1962 she married Victor M. Coury, with whom she and the children have since lived in Memphis.

On or about April 8, 1962, it appears that the father of these children applied for and obtained from the Oklahoma Court an ex parte order directing the Juvenile Court at Memphis to take these children into its custody

pending further orders of the Oklahoma Court. The Juvenile Court took these children into its custody on April 8, 1962.

On April 11, 1962, the mother filed a petition for habeas corpus in the Circuit Court of Shelby County, naming the father and the Juvenile Court as defendants. On April 12, 1962, the father filed a plea in abatement to this petition for habeas corpus, making exhibits thereto the divorce and custody decree of October 20, 1960, the order of May 22, 1961 granting the mother permission to remove the children to Tennessee, and an application filed by the father in the Oklahoma Court on April 10, 1962, requesting the Oklahoma Court to order the return of the children to that jurisdiction and requesting that Court to award their custody to him. There is also exhibited to this plea in abatement a copy of an order entered by the Oklahoma Court on this application on the day it was filed, ordering that the children be returned to Oklahoma and ordering the mother to appear in the Oklahoma Court on April 17, 1962 and show cause why the custody should not be awarded to the father.

On April 13, 1962, the Circuit Court of Shelby County overruled this plea in abatement and sustained the mother's writ of habeas corpus and ordered the Juvenile Court to return the children to their mother.

On April 18, 1962, the Oklahoma Court entered an order awarding custody of the children to the father and providing that they be cared for by their paternal grandparents in Memphis until such time as their father became in a position to show that he had adequate facilities to care for the children in Tulsa. Neither the mother nor the children were in Oklahoma for the hearing on which

this order is based. The record shows that the mother was served with notice of this Oklahoma hearing on the evening of April 11, 1962 after she had filed her petition for habeas corpus in the Circuit Court of Shelby County.

Then, on June 19, 1962, the father filed an answer to the mother's petition for habeas corpus in the Circuit Court of Shelby County and a cross-petition for habeas corpus, which was joined in by the paternal grandparents, setting forth the various orders of the Oklahoma Court denying that the mother is a permanent resident of Shelby County, Tennessee, and praying that the Circuit Court of Shelby County give full faith and credit to the Oklahoma order of April 18, 1962 and award custody to the father pursuant to that order.

The mother answered this petition on July 5, 1962, stating that she and her present husband are residents of Shelby County, Tennessee, where the children have resided with her since the summer of 1961. This answer denied that the Oklahoma Court had jurisdiction of the subject matter and the parties at the time it rendered the order of April 18, 1962, and further denied that this order is entitled to full faith and credit in Tennessee. This answer alleges:

"There has been a change in conditions effecting the original parties to the divorce . . . . . . . . . . and also effecting said children."

and seeks a judgment continuing custody in the mother.

A hearing in the Circuit Court was held on July 6, 1962. Following this hearing, the Circuit Judge filed an opinion in the cause, holding that the Tennessee Courts were not required to give full faith and credit to the Oklahoma

order of April 18, 1962 because the mother and the children were domiciled in Shelby County at the time of that order. The Circuit Judge, therefore, dismissed the cross-petition of the father. This opinion recited:

"No proof was offered as to the fitness of the parties or what might be in the manifest best interest of the minor children".

The order entered in the Circuit Court pursuant to this opinion recites that the cause was heard upon the entire record and "statements of respective counsel for the parties."

The father perfected his appeal to the Court of Appeals from the order of the Circuit Court dismissing his cross-petition for habeas corpus. That Court held the Oklahoma order of April 18, 1962 was entitled to full faith and credit in Tennessee, and further held that the Trial Court was in error in finding that the mother was domiciled in Tennessee since no proof was heard and the father's answer to her petition for habeas corpus denied she was a permanent resident of this state. The answer of the father does not deny that the mother has been living with the children in Memphis since the summer of 1961 and does not deny that she and the children have been living in the home with her present husband in Memphis since her marriage to him.

It is a well settled rule of the common law that "The domicile of the husband draws to it the domicile of the wife." *Williams v. Saunders,* 45 Tenn. 60, 79; *White v. White,* 13 Tenn. App. 622, 624.

"The presumption is that the domicile of a married man is the place where his family resides." *Brown v. Hows,* 163 Tenn. 178, 182, 42 S.W.2d 210, 211.

"On principle and by weight of authority, where a father has been legally deprived of his parental authority, and the custody and control of the minor child has been by law changed from him to the mother, the father's domicile no longer controls the domicile of the child, but is established in the domicile of the person having the custody and control." *White v. Bickford,* 146 Tenn. 608, 611, 244 S.W. 49, 50, 26 A.L.R. 129.

"Domicile is presumed to follow residence; in other words, the place of residence, where a person actually lives, is presumed to be, or is prima facie his domicile, and the rule applies not only in interstate habitation, but also where a citizen removes to a foreign country. As actual residence is merely one circumstance, the presumption raised thereby is not conclusive, but is rebuttable; and the burden of proof to rebut this presumption is on the person contending to the contrary." 28 C.J.S. Domicile sec. 16, Pages 34 and 35.

Applying these well settled principles to the case at bar, we are of the opinion that the averments of the mother's pleadings, which are not denied by the father, make a prima facie showing that the mother and the children were domiciled in Tennessee in April, 1962. The burden is upon the father to come forward with proof to overcome the presumptions which arise from the undenied averments made by the mother. Also, if the jurisdiction of the Tennessee Courts to determine the manifest best interest of the minor children depends upon a question of fact as to domicile, the cause should not have been finally determined by the Court of Appeals without proof, but that Court should have remanded the cause for proof as to this question of fact. Jurisdiction to de-

termine the welfare of children should not be finally decided without the parties having an opportunity to offer proof, if that jurisdiction depends upon a controverted question of fact.

When confronted with the very questions presented in this case, the Supreme Court of Oklahoma has held that the courts of that state have jurisdiction to determine the custody of children in that state and that orders as to the custody of such children made in a sister state after the children have been brought in Oklahoma are not entitled to full faith and credit and are not binding upon the Oklahoma Courts.

In *Gaunt v. Gaunt*, 160 Okl. 195, 16 P.2d 579, the parties lived in Kansas, where the wife obtained a divorce and an award of custody. The decree provided that neither party should remove the child from Kansas without further order of the Court. The Kansas Court granted the mother permission to take the child to Oklahoma for two weeks, upon executing a bond conditioned for the return of the child. The mother took the child to Oklahoma without executing the bond. After the mother's removal to Oklahoma, the father obtained a modification of the original custody decree in the Kansas Court by which that Court awarded custody to him. He then instituted habeas corpus proceedings in Oklahoma, contending that the order of the Kansas Court was entitled to full faith and credit. The Oklahoma Court held that the order of the Kansas Court, made after the child was moved to Oklahoma by the mother, was not entitled to full faith and credit in Oklahoma and that the courts of Oklahoma had jurisdiction to determine the best interest of the child. See also *Heide v. Kiskaddon,* 79 Okl. 6, 190 P. 859,

and *In re McMenamin,* (Okl.) 277 P.2d 120, in which the Oklahoma Court held orders as to custody entered in a divorce case in a sister state after the child had been removed to Oklahoma were not binding on the courts of that state.

In *Remick v. Remick,* 204 Okl. 345, 229 P.2d 600, the Supreme Court of Oklahoma recognized that the custody decree rendered in a divorce case in Oklahoma was not binding in habeas corpus proceedings instituted in Missouri after the mother and child moved to Missouri.

The authorities dealing with the question of jurisdiction to award custody are collected in an extensive annotation in 4 A.L.R. 2d, beginning at Page 7. At Page 88 of this annotation, it is stated:

"The general rule is that a divorce decree awarding custody has no extraterritorial effect beyond the boundaries of the state where it was rendered, and that when the domicile of a child is changed and it becomes a citizen of another state, such child is no longer subject to the control of the court of the first state which rendered the divorce decree."

This rule has been recognized in Tennessee in *Johnson v. Johnson,* 185 Tenn. 400, 206 S.W.2d 400, in which this Court stated:

"By Code Section 8454 (T.C.A. sec. 36-828) the decree granting the divorce and awarding the custody of the child remains within the control of that Court, and is subject only to such changes as that Court may thereafter decree, *except in cases where the child has been taken out of the State and thereby out of the jurisdiction of that Court.* This Court has held that even though the decree awarding the custody of the child is

the decree of a foreign Court, nevertheless, that decree 'as between the parents, * * * is *res adjudicta,* subject, as between those parties, to modification only by the court that granted the decree' *so long as such child remains within the jurisdiction of that Court."* (Emphasis supplied.)

This same rule is followed in Oklahoma. In *Heide v. Kiskaddon,* supra, the rule was summarized by the Oklahoma Court, as follows:

"A judgment of a sister state in a divorce proceeding giving the father the right to the care and custody of minor children is not, under the full faith and credit clause of the federal Constitution, binding in a habeas corpus proceeding upon the courts in this state, to which the children and mother removed, and where they have taken up their domicile. In such cases the paramount consideration is the welfare of the children."

In the Heide case certiorari was denied by the United State Supreme Court, 254 U.S. 636, 41 S.Ct. 9, 65 L.Ed. 450. In fact the United States Supreme Court has expressly declined to decide whether or not any custody decree is entitled to the benefit of the Full Faith and Credit Clause of the Federal Constitution (Article IV, Sec. 1.) and statutes enacted pursuant thereto.

In *Kovacs v. Brewer,* 356 U.S. 604, at page 607, 78 S.Ct. 963, at page 966, 2 L.Ed.2d 1008, that Court stated:

"As presented, the case obviously raises difficult and important questions of constitutional law, questions which we should postpone deciding as long as a reasonable alternative exists.

"Whatever effect the Full Faith and Credit Clause may have with respect to custody decrees, it is clear

as the Court stated in Halvey, 'that the State of the forum has at least as much leeway to disregard the judgment, to qualify it, or to depart from it as does the State where it was rendered.' "

See also *New York ex rel. Halvey v Halvey*, 330 U.S. 610, 67 S.Ct. 903, 91 L.Ed. 1133, and *Ford v. Ford*, 371 U.S. 187, 83 S.Ct. 273, 9 L.Ed.2d 240 (December 1962).

In *Kenner v. Kenner*, 139 Tenn. 211, 201 S.W. 779, L.R.A.1918E, 587, which is strongly relied upon by the father in this case, the Alabama custody decree that was held to be binding on the courts of this state was made while the child and the mother, to whom custody was awarded, were bona fide domiciliaries of Alabama. In Kenner, this Court recognized the right of a state to which the child is removed to change the original custody decree upon a change of circumstances. All of the authorities agree that the courts of the state in which the children and the parent to whom legal custody has been awarded are domiciled have jurisdiction to determine the manifest best interest of such children.

This litigation has been pending in the courts of this state since April, 1962 and, as yet, no proof has been heard relating to the welfare of these minors. The decree of the Court of Appeals is reversed and this cause is remanded to the Circuit Court of Shelby County for a determination by that Court of all issues of fact raised and for a determination of custody upon the merits to the end that custody be awarded according to the best interest of the minors. The costs of appeal are adjudged against the respondents, and the surety upon the appeal bond. The costs in the Trial Court will be adjudged by that Court.