DOROTHY JEAN HINES, Appellant,

*v.*

JAMES WILLIE HINES, Appellee.

418 S.W.2d 253.

(*Knoxville,* September Term, 1965.)

Opinion filed November 17, 1965.

·FRANK L. FLYNN, JR., FLYNN & FLYNN, Knoxville, for appellant.

FRANCIS W. HEADMAN, Knoxville, for appellee.

438

PER CURIAM

This is an appeal from the Juvenile and Domestic Relations Court of Knox County, Tennessee, growing out of an original petition for divorce in which the husband was granted a divorce upon a pro confesso and proof offered in support of the averments of the original bill. However, the decree of divorce granted the custody of the children of the parties to the wife with visitation rights in the husband. The decree also provided that the sum of $35.00 per week should be paid to the wife by the husband for the support of said minor children. By agreement the weekly payments were reduced to $20.00 beginning April 11, 1964, and in this decree it was ordered, by agreement, that the payments in arrearage of $2,190.00 would be forgiven upon the condition that the reduced weekly payments be made regularly.

On February 8, 1965, the husband filed a petition in said proceedings seeking a change of custody of the children from the mother to the father, and in this petition it was said:

That the original defendant, Dorothy Jean Hines, is presently making her home in Cincinnati, Ohio, her address being 753 McPherson Street, Cincinnati, Ohio. The said children, Gwendolyn and Wilma Jean, have been making their home with their said mother. The children are now twelve and six years of age respectively.

A copy of said petition and a summons was mailed to the wife at her home in Cincinnati, Ohio. Through her attorney she filed a plea in abatement to the petition, contesting the jurisdiction of the court to entertain a petition or to make any orders affecting the custody of said children. Upon hearing this plea in abatement was overruled. A demurrer was then filed to the petition and it too, contested the jurisdiction of the court to adjudicate custody of the minor children since they were making their home in Cincinnati, Ohio with their mother, who had custody of the children by reason of the original order.

The court likewise overruled this demurrer but granted a discretionary appeal to this Court, and although the right to grant the appeal in this case is questionable, we find it unnecessary to pass upon this matter because of the disposition that we otherwise make of the case on the question of the jurisdiction of the court to entertain this petition for change of custody.

T.C.A. sec. 36-828 provides in divorce actions that the court may award the care, custody and control of such child or children to either of the parties to the suit or to some suitable person as the welfare and interest of the child or children may demand. Such order of the court shall remain within the control of the court and be subject to such changes or modifications as the

exigencies of the case may require. In *Johnson v. Johnson*, 185 Tenn. 400, 206 S.W.2d 400 (1947), the Court, in passing upon Code Section 8454, now T.C.A. sec. 36-828, said:

> * * * the decree granting the divorce and awarding the custody of the child remains within the control of that Court, and is subject only to such changes as that Court may thereafter decree, except in cases where the child *has been taken out of the State and thereby out of the jurisdiction of that Court.* 185 Tenn. at 406, 206 S.W.2d at 403. (Emphasis supplied.)

The case of *Kenner v. Kenner*, 139 Tenn. 211, 201 S.W. 779, L.R.A. 1918E, 587 (1917), held that:

> Where the child is within the local jurisdiction the court has the power to award its custody to one parent or the other; when it is not within that jurisdiction, no such power exists. 139 Tenn. at 223, 201 S.W. at 782.

The most recent case of *Coury v. State ex rel. Webster et al.,* 213 Tenn. 454, 374 S.W.2d 397 (1964), written by the late and distinguished Mr. Justice Holmes, is direct authority for the proposition that the trial court in the instant case was in error in overruling the demurrer. In *Coury* it was held:

> All of the authorities agree that the courts of the state in which the children and the parent to whom legal custody has been awarded are domiciled have jurisdiction to determine the manifest best interest of such children. 213 Tenn. at 464, 374 S.W.2d at 401.

In that case Mrs. Coury was granted a divorce from her husband, Harry L. Webster, by an Oklahoma court and was awarded the custody of their minor children.

Some year and a half later an order was entered by the Oklahoma District Court finding that it was to the best interest of these children that their mother be allowed to move to Memphis, Tennessee, and to take the children with her. About one year thereafter the father applied for and obtained from the Oklahoma court an ex parte order directing the Juvenile Court in Memphis to take these children into custody pending further orders of the court. The Juvenile Court complied with the order and immediately thereafter Mrs. Coury, the mother, filed a petition for a writ of habeas corpus in the Circuit Court of Shelby County, naming the father and the Juvenile Court as defendants.

The following language is taken from the *Coury* opinion:

"On principle and by weight of authority, where a father has been legally deprived of his parental authority, and the custody and control of the minor child has been by law changed from him to the mother, the father's domicile no longer controls the domicile of the child, but is established in the domicile of the person having the custody and control." *White v. Bickford,* 146 Tenn. 608, 611, 244 S.W. 49, 50, 26 A.L.R. 129.

"Domicile is presumed to follow residence; in other words, the place of residence, where a person actually lives, is presumed to be, or is prima facie his domicile, and the rule applies not only in interstate habitation, but also where a citizen removes to a foreign country. As actual residence is merely one circumstance, the presumption raised thereby is not conclusive, but is rebuttable; and the burden of proof to rebut this presumption is on the person contending to the contrary." 28 C.J.S. Domicile sec. 16, Pages 34 and 35.

Applying these well settled principles to the case at bar, we are of the opinion that the averments of the mother's pleadings, which are not denied by the father, make a prima facie showing that the mother and the children were domiciled in Tennessee in April, 1962. 213 Tenn. at 460, 374 S.W.2d at 399.

It must be remembered that the petition filed herein for change of custody alleges that the mother is

* * * presently making her home in Cincinnati, Ohio * * * and that the children, Gwendolyn and Wilma Jean, have been making their home with their said mother.

There is no averment that the children have been kidnapped or surreptitiously taken from the jurisdiction of the court, but on the contrary, the averments of the petition show that the mother and the children are making their home (their domicile) in Cincinnati, Ohio.

Under these circumstances we think that the Courts of Ohio, in which state the children and the parent to whom legal custody has been awarded are domiciled, have jurisdiction to determine the manifest best interest of such children. The manifest best interest of children changes with changed conditions and if the father, in this case, can prove to the courts in Ohio that conditions have changed in such a manner that the interest of the children will be better served by changing custody, then that court, under all of the authorities, has jurisdiction to make this determination.

The problem always in custodial cases of this type is for the trying court to determine the best interest of the children, and, of course, the court where the children are living is in a much better position to make this de-

termination than the courts in Tennessee would be in this case.

Based upon the decision in the *Coury* case, which follows the other cases decided by this Court in prior years, and which cases are the controlling law in this State, we reverse the action of the trial judge in this case, sustain the demurrer, and dismiss this case at the cost of the appellee.