**Louis HOFFERBERT, Robert C. Burnette,**

v.

**CITY OF KNOXVILLE, TENNESSEE, William R. Banks, Chairman, Knox County Election Commission, C. Bordon Baer, Secretary, Michael Y. Rowland, Edna H. Smyre, Richard W. Krieg, Members, Knox County Election Commission.**

Civ. No. 3–78–115.

United States District Court, E. D. Tennessee, N. D.

April 20, 1979.

Frederick S. LeClercq, Knoxville, Tenn., for plaintiffs.

Jon G. Roach, City Atty., Knoxville, Tenn., for defendants.

## MEMORANDUM

ROBERT L. TAYLOR, District Judge.

The most serious problem in this case is the legal residence of Mr. Hofferbert. He claims that his residence has been within the city limits of Knoxville since March 1, 1979. The defendants deny that he is a resident of Knoxville. Defendants claim that he is a resident of Knox County and has been a resident of the County for many years. His wife is a resident of Knox County at this time and, like her husband, has been a resident of Knox County for many years. Mr. and Mrs. Hofferbert own their own home in the County.

Plaintiff Hofferbert has responded to a recent memorandum of this Court, in which he was requested to answer the following two questions: First, will Mr. Hofferbert continue to live in the City of Knoxville if he is defeated in the race for mayor? Second, if for some unforeseen reason he is unable to run for mayor, will he continue to live in the City of Knoxville? In his response, in the form of an affidavit, he states that on March 29, 1979 he appeared before the Knox County Election Commission and transferred his voting precinct to the North Tenth Ward in the City of Knoxville where he is a resident. On April 11, 1979, he obtained a City of Knoxville Regulatory Decal No. 017458 for his personal automobile. He stated that he is a resident of the City of Knoxville and has no "present intention to abandon his residency in the City of Knoxville." He further said "that one of the reasons he reestablished residency in the City of Knoxville was to seek the office of Mayor in the City in which he was reared, attended school, has previously lived and presently spends *his professional life*, but he denies that that is the only reason he reestablished residency in the City of Knoxville." "That he cannot, in good conscience, respond to whether or not he 'will continue to be a resident of the City of Knoxville if he is defeated in a race for Mayor or if he is, for some unforeseen reason, unable to run' because he has not formulated any present intentions with regard to those eventualities."

It is noted that he does not say that his wife has moved into the city limits of Knoxville. The Court must assume that she continues to live in her home outside Knoxville where, as previously indicated, she has lived for many years.

The presumption is that the domicile of a married man is the place where his family resides. *Coury v. State*, 213 Tenn. 454, 374 S.W.2d 397 (1964). The seminal Tennessee case on this subject is *Pearce v. State*, 33 Tenn. 44 (1853).

Another recognized rule is that the domicile of the wife ordinarily follows the domicile of the husband. In this present age, it is difficult for the Court to understand, in light of the record in this case, how Mr. Hofferbert could establish a legal residence within the city limits of Knoxville while his wife continues to live in Knox County, or outside the city limits of Knoxville.

It is recognized that a man may have two residences. However, a man may not establish a second residence for the purpose of running for office and claim that is his domicile. *See Coke v. Coke*, 560 S.W.2d 631, 633 (Tenn.1978).

The burden of proof is upon the plaintiff to establish his legal residence by the preponderance of the evidence. Considering the facts that plaintiff and his family have lived in Knox County for many years; that Mr. Hofferbert only recently moved into the James Agee Apartments in the Fort Sanders community largely inhabited by transient University students; that Mrs. Hofferbert has not moved into those apartments and no intimation has been made that she intends to move into said apartments in the foreseeable future; and that all of plaintiff's actions indicating a change of residence were taken contempo-

raneously with the filing of this lawsuit, the Court must conclude that plaintiff has failed to establish a legal residence within the city limits of Knoxville.

Since we have previously noted in other orders and memoranda that plaintiffs' standing to file this lawsuit depends on Mr. Hofferbert's legal residence in Knoxville, it follows that their case must be dismissed and the motion of defendants for summary judgment or dismissal must be sustained.

The other claims for standing made by the plaintiffs are, in the opinion of the Court, without merit.

Order Accordingly.