**T.B. BOYD, III, Petitioner-Appellee,**

v.

**Melody Victoria BOYD, Respondent-Appellant.**

Court of Appeals of Tennessee, Western Section, at Nashville.

Feb. 9, 1983.

Rehearing Denied March 10, 1983.

Permission to Appeal Denied by Supreme Court June 20, 1983.

Sandra Jones, Nashville, for respondent-appellant.

Jinx S. Woods, Woods, Bryan, Woods & Watson, Nashville, for petitioner-appellee.

HIGHERS, Judge.

This is a custody case involving the applicability of the Child Custody Act, T.C.A. 36–1301 et seq., in which the parties received a decree of divorce and an award of custody in Tennessee, but wherein the custodial parent, the mother, and the child have been residents of the State of New York since the divorce in 1976.

## I.

The parties were divorced by a final decree entered on February 4, 1976, in Davidson County, Tennessee. By its terms the decree awarded the divorce to Melody Victoria Boyd, the natural mother, and also provided that "the exclusive custody and control of the child, namely, Theophillus B. Boyd, IV, be, and the same is hereby, decreed to the mother, with the right and privilege of the father to see and visit said minor child at reasonable times and places, and the father shall have temporary custody for a period of two months each summer."

At the time of the decree, and for some time prior thereto, the mother was living in the state of New York. After the decree was granted she and the child of the parties continued to live there and to make it the state of their residence. The natural fa-

ther, T.B. Boyd, III, continued to reside in Davidson County, Tennessee.

While the child was present in the state of Tennessee for summer visitation, the father filed a petition for change of custody on August 18, 1981. The mother filed a motion to dismiss and raised the jurisdictional issue in the trial court. The motion was overruled and the trial court found that it had jurisdiction of the matter.

Thereafter a full evidentiary hearing was conducted and the trial judge entered an order awarding custody of the minor child to the natural father, T.B. Boyd, III (hereinafter referred to as the appellee). The mother (hereinafter referred to as the appellant) brought this appeal challenging the jurisdiction of the Tennessee court.

## II.

The Tennessee Child Custody Act, enacted in 1979, is similar to the Uniform Child Custody Jurisdiction Act which was approved by the National Conference of Commissioners on Uniform State Law and which has been adopted by more than half the states. The purpose of these acts is to discourage the abduction and other unilateral removals of children from one state to another (the related federal act at 28 U.S.C. § 1738A is styled the "Parental Kidnapping Prevention Act of 1980"), and to give the states a reasonable basis upon which to determine which state has jurisdiction in deciding custody disputes when the contestants are residents of different states. See T.C.A. 36–1301.

The federal act became effective on December 28, 1980.[1] Through federal preemption it takes precedence over conflicting state laws. U.S.Const., Art. 6, § 2. The act states, in relevant part:

(c) A child custody determination made by a court of a State is consistent with the provisions of this section only if—
  (1) such court has jurisdiction under the law of such State; and
  (2) one of the following conditions is met:

---

1. For a discussion of the federal act, see Voninski v. Voninski, unreported opinion from the

Court of Appeals, Middle Section, filed October 26, 1982.

(A) such State (i) is the home state of the child on the date of the commencement of the proceeding, or (ii) had been the child's home State within six months before the date of the commencement of the proceeding and the child is absent from such State because of his removal or retention by a contestant or for other reasons, and a contestant continues to live in such State; (B) (i) it appears that no other State would have jurisdiction under sub-paragraph (A), and (ii) it is in the best interest of the child that a court of such State assume jurisdiction because (I) the child and his parents, or the child and at least one contestant, have a significant connection with such State other than mere physical presence in such State, and (II) there is available in such State substantial evidence concerning the child's present or future care, protection, training, and personal relationships; (C) the child is physically present in such State and (i) the child has been abandoned, or (ii) it is necessary in an emergency to protect the child because he has been subjected to or threatened with mistreatment or abuse; (D) it appears no other State would have jurisdiction under sub-paragraph (A), (B), (C), or (E), or another State has declined to exercise jurisdiction on the ground that the State whose jurisdiction is in issue is the more appropriate forum to determine the custody of the child, and (ii) it is in the best interest of the child that such court assume jurisdiction; or (E) the court has continuing jurisdiction pursuant to subsection (d) of this section . . .

(f) A court of a State may modify a determination of the custody of the same child made by a court of another State, if—

(1) it has jurisdiction to make such a child custody determination; and

(2) the court of another State no longer has jurisdiction, or it has declined to exercise such jurisdiction to modify such determination.

The issue in this case is whether the state of Tennessee, where the original decree was granted, has jurisdiction in custody proceedings in which the mother and child have been residents of New York for a period of several years.

To answer the question, the federal act provides a checklist of conditions which points first to the law of the individual states. It must be initially determined whether Tennessee has jurisdiction under its own law.

The jurisdictional statute is set forth in T.C.A. 36–1303:

(a) A court of this state which is competent to decide child custody matters has jurisdiction to make a child custody determination by initial or modification decree if:

(1) This state (A) is the home state of the child at the time of commencement of the proceeding, or (B) had been the child's home state within six (6) months before commencement of the proceeding and the child is absent from this state because of the child's removal or retention by a person claiming custody or for other reasons, and a parent or person acting as parent continues to live in this state; or

(2)(A) It appears that no state has jurisdiction under subsection (a)[2], or each state with jurisdiction under subsection (a) has declined to exercise jurisdiction on the ground that this state is the more appropriate forum to determine the custody of the child; and

(B) The child and at least one contestant have a significant connection with this state;

(C) There is available in this state substantial evidence concerning the child's present or future care, protec-

---

**2.** The reference to "subsection (a)" is obviously a typographical or clerical error which renders the meaning nonsensical; it should read "subsection (1)."

tion, training and personal relationships; and

(D) It is in the best interest of the child that a court of this state assume jurisdiction; or

(3) It appears that no state has jurisdiction under subsections (a) or (b) or each state has refused jurisdiction on the ground that this is the more appropriate forum to determine child custody, and it is in the best interest of the child that a court of this state assume jurisdiction.

(b) Except under subsection (c) of this section, physical presence in this state of the child, or of the child and one (1) of the contestants, is not alone sufficient to confer jurisdiction on a court of this state to make a child custody determination.

(c) Physical presence of the child, while desirable, is not a prerequisite for jurisdiction to determine his or her custody.

(d) Jurisdiction shall not be exercised to modify an existing custody decree except in accordance with 36–1315.

It is clear from the foregoing that both the Tennessee act and the federal act show preference for "home state" jurisdiction in determining the custody of a child.[3] There are sound reasons for this predilection. It is designed to (1) promote stability in the home environment of children notwithstanding the mobility of parents, (2) discourage snatching children by one parent from another and fleeing to another state, (3) allow free exercise of visitation privileges by the non-custodial parent in a different state without arousing fear and suspicion by the custodial parent that a custody battle would ensue in the distant state, (4) prevent forum shopping by contestants in custody disputes, (5) restrict proceedings to those jurisdictions where the evidence of the child's circumstances will tend to be most readily available, and (6) avoid judicial conflicts, promote cooperation between states, and serve the overall best interest of the child. See T.C.A. 36–1301, 28 U.S.C.A. § 1738A (Congressional Findings and Declaration of Purposes for Parental Kidnapping Prevention Act of 1980), also Annotation, 96 ALR 3d 968.

### III.

■ Applying the jurisdictional requirements of Tennessee law to the factual circumstances in this case, we note that a court of this state has jurisdiction if:

1. *This state is the home state of the child at the time of the commencement of the proceeding or had been the child's home state within six months before commencement of the proceeding.* T.C.A. 36–1303(a)(1). Neither of these conditions is applicable in this case. Tennessee is not the home state of the child as defined in T.C.A. 36–1302(5), nor had it been the home state within six months preceeding this action. It is undisputed that the child had been a resident of the state of New York since at least 1976 and that he was only temporarily in this state for those visitation privileges accorded to the appellee in the original decree of divorce.

2. *It appears no state has jurisdiction or that each state with jurisdiction has declined to exercise jurisdiction, and that the conditions apply as set forth in (B), (C), and (D) of T.C.A. 36–1303(a)(2).* The state of New York has also substantially adopted the Uniform Child Custody Jurisdiction Act, effective September 1, 1978. See N.Y.Dom. Rel.Law, § 75. In § 75–c the act provides that home state "means the state in which the child at the time of the commencement of the custody proceeding, has resided with his parents, a parent, or a person acting as a parent, for at least six consecutive months." Clearly, under this definition and also under the definition in the Tennessee act, the "home state" of the child in this

---

**3.** "Home state" means the state in which the child immediately preceding the time involved lived with his or her parents, a parent, or a person acting as parent, for at least six (6) consecutive months, and in the case of a child less than six (6) months old the state in which the child lived from birth with any of the persons mentioned. Periods of temporary absence of any of the named persons are counted as part of the six (6) months or other period. T.C.A. 36–1302(5).

case is the state of New York. The New York law further provides:

1. A court of this state which is competent to decide child custody matters has jurisdiction to make a child custody determination by initial or modification decree only when:

(a) this state (i) is the home state of the child at the time of commencement of the custody proceeding, or (ii) had been the child's home state within six months before commencement of such proceeding and the child is absent from this state because of his removal or retention by a person claiming his custody or for other reasons, and a parent or person acting as a parent continues to live in this state. N.Y.Dom.Rel.Law, § 75–d.

Tennessee, therefore, does not acquire jurisdiction by virtue of the fact that no other state has jurisdiction because it is manifest that New York, under its law, has jurisdiction to hear and determine the matter of custody. Jurisdiction is conferred by the New York act if that state is the home state or if it had been the home state of the child within six months before commencement of the custody proceeding. There is no evidence to suggest that New York had declined to exercise jurisdiction or that the matter has ever been raised in the courts of that state.

3. *Another state defers to this state because it is the more appropriate forum.* T.C.A. 36–1303(a)(3). There has been no such determination or deferral made in this case.

To hold that Tennessee has jurisdiction in this instance would be to nullify the very purposes for which the jurisdictional statute exists, both here and in the state of New York. Under similar enactments in each state it is evident that the "home state" of the child is the state of New York and that jurisdiction to determine custody lies in that state.

It would have a chilling effect upon the visitation privileges of the non-custodial parent in Tennessee if a custody proceeding could be initiated here while the child is temporarily in this state, and the custodial parent in New York could then be required to marshal all of her resources to travel here, produce witnesses, and otherwise defend her claim to custody in order to return the child to his home state following a period of summer visitation. It was, precisely this type of situation which the uniform act was intended to preclude.

Further, it is a requirement under the federal act that a state must have jurisdiction under its own law in order to make a child custody determination. 28 U.S.C. 1738A(c)(1). As we have observed by application of Tennessee law to the facts of this case, this state does not have subject-matter jurisdiction to enter a decree of custody.

### IV.

■ The appellee contends that the Circuit Court in Davidson County has continuing jurisdiction under T.C.A. 36–828 which provides that "jurisdiction to modify or alter such decree shall remain in the exclusive control of the court which issued such decree." It is evident from a reading of the entire statute that it is speaking of jurisdiction *as between courts within this state.* See, for example, *Kane v. Kane,* 547 S.W.2d 559 (Tenn.1977). It is not a jurisdictional statute as between the courts of different states. *Hines v. Hines,* 220 Tenn. 437, 418 S.W.2d 253 (1965).

■ It is further the contention of the appellee that jurisdiction under the Tennessee Child Custody Act, T.C.A. 36–1303, is not exclusive. This argument would lead to the conclusion that two states could have concurrent jurisdiction in custody disputes. We reject this contention.

In *Finney v. Finney,* 619 S.W.2d 130 (Tenn.App.1981), the parties married in Tennessee but immediately moved to Texas where they resided throughout their marriage. The mother returned to Tennessee with the minor child of the parties for a visit. While she was in Tennessee, she filed a complaint for divorce and custody of the minor child. The father filed a similar complaint in Texas. The Court of Appeals held that the Tennessee court "did not have jur-

isdiction to make a custody disposition." The Court also stated:

The Act does not contemplate that jurisdiction may exist concurrently in a "home state" and a state with significant connections. If another state has satisfied the definition of "home state" set out at T.C.A. 36–1302(5), that state may assert jurisdiction to the exclusion of Tennessee even if Tennessee has significant connections and it is in the child's best interest that Tennessee courts assert such jurisdiction

In the case of *Hegler v. Hegler,* 383 So.2d 1134 (Fla.App.1980), where the parties were divorced in Florida and the mother who received custody of two minor children subsequently moved to the state of Maryland, the Florida Court said:

The Uniform Act is designed to give only one state jurisdiction to determine custody, unless exceptional circumstances exist . . .

The general rule is that the "home state" of the child should be the jurisdiction to hear and determine custody matters . . .

The fact that the original decree was entered in Florida does not prevent loss of jurisdiction if the children have resided elsewhere for 6 months.

■ The appellee also avers that the appellant has submitted to the custody jurisdiction of the Circuit Court in Davidson County because she has appeared before that court with reference to other matters associated with this case. Jurisdiction of the subject-matter, however, is not waived by appearance, and it may be raised at any stage of the proceedings. *Mayhew v. Mayhew,* 52 Tenn.App. 459, 376 S.W.2d 324 (1963).

## V.

There was a hearing conducted on the merits of the custody issue after the trial court concluded that it had jurisdiction in this matter. The parties have raised certain questions concerning what would be in the best interest of the child. In view of our holding that the trial court lacked jurisdiction, however, the proceeding is *coram non judice* and it is unnecessary for us to reach such issues. Consideration of changed circumstances and the best interest of the child may be litigated when, and if, this case is brought in the proper forum.

The judgment of the trial court is reversed, the case is dismissed, and costs below and of this appeal are adjudged against the appellee.

NEARN and CRAWFORD, JJ., concur.

## OPINION ON PETITION TO REHEAR

The appellee has filed a petition to rehear, based principally upon the proposition that the Parental Kidnapping Prevention Act (PKPA) confers continuing jurisdiction in the state that rendered the original decree so long as that state remains the residence of one of the contestants, citing 28 U.S.C. § 1738A(d). It should be noted, however, that section (d) contains two requirements for continuing jurisdiction:

(d) The jurisdiction of a court of a State which has made a child custody determination consistently with the provisions of this section continues as long as the requirement of (c)(1) of this section continues to be met and such State remains the residence of the child or of any contestant.

Jurisdiction continues "as long as" the requirement of (c)(1) "continues to be met . . ." Section (c)(1) provides:

(c) A child custody determination made by a court of a State is consistent with the provisions of this section only if—

(1) such court has jurisdiction under the law of such State.

Tennessee must continue to have jurisdiction under its own law, in order to maintain the status described in section (d) of the PKPA. We have concluded in the original opinion in this case, for reasons stated therein, that Tennessee has ceased to have

jurisdiction under its own law. We adhere to that opinion.[1]

■ The appellee further insists that Tennessee should exercise jurisdiction pursuant to the emergency provisions of the PKPA. 28 U.S.C. § 1738A(c)(2)(C). In order to invoke these provisions it is necessary to show that the child has been "subjected to or threatened with mistreatment or abuse." This Court reviews custody determinations *de novo* without the usual presumption of correctness, giving paramount consideration to the best interest of the child. *Smith v. Smith,* 188 Tenn. 430, 220 S.W.2d 627 (1949), *Bevins v. Bevins,* 53 Tenn.App. 403, 383 S.W.2d 780 (1964). We did not find that appellee made out a case for the application of emergency relief. The appellee has not directed any facts to our attention which were not considered in the original opinion.

■ The appellee also contends that the child has now resided in Tennessee for a sufficient period of time to confer jurisdiction even if this state had lost its original jurisdiction in the case. It is clear that the period during which a child has resided in this state pending resolution of a custody dispute may not be considered in reckoning the time necessary to establish "home state" jurisdiction.[2]

The effect of our ruling is that the original award of custody in the final decree of divorce is re-instated, and the petition for rehearing is respectfully denied. Costs of the petition to rehear are adjudged against the appellee.

NEARN, P.J., and CRAWFORD, J., concur.

1. Appellee has cited *Bahr v. Bahr,* 442 N.Y.S.2d 687 (Fam.Ct.1981) and *S. Frederick P. v. Barbara P.,* 115 Misc.2d 332, 454 N.Y.S.2d 202 (Fam.Ct.1982), which are apparently trial court rulings from the state of New York. That all trial courts do not agree with the rationale in these cases, however, see also *Leslie L.F. v. Constance F.,* 110 Misc.2d 86, 441 N.Y.S.2d 911 (Fam.Ct.1981) and *Mebert v. Mebert,* 111 Misc.2d 500, 444 N.Y.S.2d 834 (Fam.Ct.1981). In any event, these cases are not determinative of the question of continuing jurisdiction under Tennessee law.

2. T.C.A. 36–1303 specifically sets the "commencement of the proceeding" as the controlling time for determining jurisdiction. Cf. *Hegler v. Hegler,* 383 So.2d 1134 (Fla.App.1980).

