CHRISTINA RENEE KLINDT,     )
     )
    Petitioner/Appellee,     )    Appeal No.
     )    01-A-01-9606-CH-00250
v.     )
     )    Wilson Chancery
JOHN MICHAEL ROSS KLINDT,     )    No. 10261
     )
    Respondent/Appellant.     )

**FILED**

**February 28, 1997**

**Cecil W. Crowson
Appellate Court Clerk**

COURT OF APPEALS OF TENNESSEE

MIDDLE SECTION AT NASHVILLE

APPEAL FROM THE CHANCERY COURT FOR WILSON COUNTY

AT LEBANON, TENNESSEE

THE HONORABLE C.K. SMITH, CHANCELLOR

CHRISTINA RENEE KLINDT, Pro Se
6001 Old Hickory Boulevard
Apt. # 224
Hermitage, Tennessee 37076


LARRY HAYES, JR.
Boult, Cummings, Conners & Berry
414 Union Street, Suite 1600
P. O. Box 198062
Nashville, Tennessee 37219
    ATTORNEY FOR RESPONDENT/APPELLANT

DISMISSED AND REMANDED

SAMUEL L. LEWIS, JUDGE

# OPINION

The sole issue in this child custody matter is whether the Chancery Court for Wilson County had jurisdiction to modify the custody provisions of a divorce decree entered by the Circuit Court for Harrison County, Missouri.

The facts out of which this matter arose are as follows. The parties were married 22 December 1991 and as a result of that marriage have one child, Taylor Elaine, born on 25 June 1992. In October 1993, petitioner, Christina Renee Klindt, ("the Mother"), and the minor child moved to Tennessee. In January 1994, respondent, John Michael Ross Klindt, ("the Father"), filed a divorce action in Harrison County, Missouri. The Mother admitted that at the time the Father filed the Missouri divorce action, she and the minor child had lived in Tennessee for only three months.

On 28 February 1995, the circuit court in Missouri entered an order granting custody of the minor child to the Father, pending a final hearing. The court also orally ordered the Mother to return physical custody of the minor child to the Father. The record shows that the Mother knew of the court's oral order but refused to immediately return the minor child to the Father in Missouri. Instead, she kept the child in Tennessee during March and April 1995 and finally returned the child to Missouri on 2 May 1995.

On 5 June 1995, a judgment was entered in the Circuit Court for Harrison County, Missouri dissolving the marriage and granting joint custody of the minor child to the Father and the Mother. The record shows that the minor child remained in Missouri with the Father during May 1995, and then, pursuant to the Missouri divorce decree, the minor child came to Tennessee in June 1995.

On 30 August 1995, some two months after the minor child arrived in Tennessee and after the final decree was entered in Missouri, the Mother filed the instant petition seeking to modify custody of the child in the Chancery Court for Wilson County. The only issue is whether or not the Chancery Court for Wilson County, Tennessee had jurisdiction to modify the Missouri Circuit Court's order.

2

In order to modify a custody decree from the court of another state, Tennessee law requires that certain conditions must be met. The foreign decree can not be modified unless

> (1) It appears to the court of this state that the court which rendered the decree does not now have jurisdiction under jurisdictional prerequisites substantially in accordance with this part or has declined to assume jurisdiction to modify the decree; and
> (2) The court of this state has jurisdiction.

Tenn. Code Ann. § 36-6-215 (1996). In other words, as we said in dismissing a trial court's attempted jurisdiction under similar facts, the statute "prohibits modification of [a foreign] custody decree unless 1) the other state no longer has jurisdiction or has declined to exercise its modification jurisdiction, and 2) Tennessee has jurisdiction." *Wilcox v. Wilcox*, 862 S.W.2d 533, 543 (Tenn. App. 1993). Both conditions must be met or the courts of this state cannot modify another state's custody decree. *Id*.

To determine whether Tennessee has jurisdiction, we must look to Tennessee Code Annotated section 36-6-203:

> (a) A court of this state which is competent to decide child custody matters has jurisdiction to make a child custody determination by initial or modification decree if:
> (1) This state:
> (A) Is the home state of the child at the time of commencement of the proceeding; or
> (B) Had been the child's home state within six (6) months before commencement of the proceeding and the child is absent from this state because of the child's removal or retention by a person claiming custody or for other reasons, and a parent or person acting as parent continues to live in this state; or
> (2)(A) It appears that no state has jurisdiction under subdivision (a)(1), or each state with jurisdiction under subdivision (a)(1) has declined to exercise jurisdiction on the ground that this state is the more appropriate forum to determine the custody of the child; and
> (B) The child and at least one (1) contestant have a significant connection with this state; and
> (C) There is available in this state substantial evidence concerning the child's present or future care, protection, training and personal relationship; and
> (D) It is in the best interest of the child that a court of this state assume jurisdiction; or
> (3) It appears that no state has jurisdiction under subdivision (a)(1) or (2) or each state has refused jurisdiction on the ground that this is the more appropriate forum to determine child custody, and it is in the best interest of the child that a court of

this state assume jurisdiction.

(b) Except under subdivision (a)(3), physical presence in this state of the child, or of the child and one (1) of the contestants, is not alone sufficient to confer jurisdiction on a court of this state to make a child custody determination.

(c) Physical presence of the child, while desirable, is not a prerequisite for jurisdiction to determine his or her custody

(d) Jurisdiction shall not be exercised to modify an existing custody decree except in accordance with § 36-6-215.

Tenn. Code Ann. § 36-6-203 (1996).

Basically, Tennessee has jurisdiction in two situations: One, Tennessee is at the beginning of the proceeding or has been within the past six months the "home state" of the minor child or; two, all other states with "home state" jurisdiction have declined to exercise jurisdiction in deference to Tennessee. Tennessee Code Annotated section 36-6-202(5) defines home state as "the state in which the child immediately preceding the time involved lived with such child's parents, a parent or a person acting as parent, for at least six (6) consecutive months." The record in this case shows that the Mother and the minor child moved to Tennessee in October 1993; that the Father filed a divorce action in Missouri on 24 January 1994; and that on 5 June 1995, a final decree of divorce was entered in the circuit court in Missouri.

On 30 August 1995, the Mother filed the instant suit seeking to modify the Missouri Circuit Court's custody order. At the time of filing this suit, the minor child had in fact lived in Tennessee for more than six months. However, the issue in this case arises from the fact that the parties' Missouri divorce action was ongoing when the Mother and the minor child moved to Tennessee and the Missouri Circuit Court, as the child's home state, was validly exercising its child custody jurisdiction up to the time it entered its final decree on 5 June 1995.

The time period between the entry of the Missouri final decree and the date the Mother filed her modification petition in Tennessee was less than three months. In order for us to find that Tennessee is the minor child's "home state" under Tennessee Code Annotation section 36-6-203(5), we would have to count approximately three months which preceded the entry of the Missouri final decree. We are cited no case nor have we found one that has addressed this precise issue.

4

Thus, we must answer the question of first impression: "when does the six month period mentioned in Tennessee Code Annotated section 36-6-202(5) begin to run when another state is validly exercising child custody jurisdiction?"

In support of his contention that finding Tennessee to be the minor child's "home state" would be improper, the Father cites *Boyd v. Boyd*, 653 S.W.2d 732 (Tenn. App. 1983). In *Boyd*, the minor child had resided in New York with his mother for several years when the father filed a custody modification proceeding in Tennessee while the minor child was visiting his father in Tennessee. *Id.* at 733. The trial court granted the father temporary custody by extending the child's physical presence in Tennessee. *Id.* This court reversed the trial court, and in denying the father's petition to rehear, we rejected the father's attempt to count "the period during which [the] child resided in this state pending resolution of a custody dispute" for purposes of attaining "home state" status. *Id.* at 738. Likewise, in the instant case, we conclude that the period the minor child spent in Tennessee with the Mother, pending final resolution of the Missouri divorce, should not be counted as part of the six months necessary to achieve home state status in Tennessee.

Missouri was properly exercising child custody jurisdiction from the date the Father filed his divorce action in January 1994 until the date the Missouri Circuit Court entered its final judgment and decree of divorce on 5 June 1995. The Missouri Court of Appeals found that Missouri had subject matter jurisdiction over the issue of child custody and the Missouri Circuit Court found likewise in its final decree. There was no appeal from the Missouri final decree; however, by filing a modification proceeding in Tennessee less than three months after entry of the Missouri final decree, the Mother was, in essence, attempting to appeal the Missouri decree to the Tennessee Appellate Court.

Under the facts in this case, Tennessee is not the minor child's home state and Tennessee cannot assert jurisdiction under Tennessee Code Annotated section 36-6-203(a)(1). In addition, Tennessee does not have jurisdiction under subsection (a)(2) or (a)(3) of section 36-6-203 as the record fails to show that Missouri has declined to exercise its valid home state jurisdiction in this case. In the judgment and decree of dissolution of marriage entered by the Missouri Circuit Court, it specifically

5

found that "this court has jurisdiction over the subject matter and the parties in this cause, including jurisdiction over the minor child born of this marriage, Taylor Elaine Klindt." In the decree, the court also retained jurisdiction over the issue of custody until further orders of the court by stating that "revolving four (4) months cycle of exchanging physical custody of the child shall continue until further order of this court." We think it is clear that the Missouri Circuit Court has no intention to decline to exercise its continuing jurisdiction.

It is therefore ordered that this case be dismissed for lack of subject matter jurisdiction and the cause be remanded to the trial court for entry of an order dismissing the case in its entirety. Costs on appeal are assessed to the Mother, Christina Renee Klindt.

_____
SAMUEL L. LEWIS, JUDGE

CONCUR:


_____
HENRY F. TODD, P.J., M.S.


_____
BEN H. CANTRELL, JUDGE