KARLA WYNETTE SHERRELL,    )
    )
    Plaintiff/Appellee,    )
    )    Appeal No.
    )    01-A-01-9703-CH-00131
VS.    )
    )    Lawrence Chancery
    )    No. 8132-96
ROBBIE JAMES SHERRELL,    )
    )
    Defendant/Appellant.    )

**FILED**

**February 13, 1998**

**Cecil W. Crowson**
**Appellate Court Clerk**

COURT OF APPEALS OF TENNESSEE
MIDDLE SECTION AT NASHVILLE

APPEALED FROM THE CHANCERY COURT OF LAWRENCE COUNTY
AT LAWRENCEBURG, TENNESSEE

THE HONORABLE JIM T. HAMILTON, JUDGE

CHARLES W. HOLT, JR.
BOSTON, BATES, HOLT & SOCKWELL
235 Waterloo Street
P. O. Box 357
Lawrenceburg, TN 38464
    Attorney for Plaintiff/Appellee

DAVID L. ALLEN
200 Mahr Avenue
P. O. Box 369
Lawrenceburg, Tennessee 38464
    Attorney for Defendant/Appellant

REVERSED AND REMANDED

BEN H. CANTRELL, JUDGE

CONCUR:
TODD, P.J., M.S.
KOCH, J.

# O P I N I O N

In this divorce case, we granted the husband's Motion for Interlocutory Appeal solely on the question of the trial court's jurisdiction to determine the custody of the parties' three year old son. Our examination of the applicable law and of the facts in the record lead us to find that the requirements of the Uniform Child Custody Jurisdiction Act (UCCJA) preclude the trial court from deciding child custody without first conferring with the court in the child's home state of Texas.

## I. The Marriage

James Sherrell and Karla Wynette Sherrell lived together in Lawrence County, Tennessee for over a year, and then moved to the State of Texas. Their son, Robbie Sherrell Jr. was born in Waxahachie, Texas on March 17, 1993. The parties were married on April 10, 1993.

For most of their married life, the parties lived in Waxahachie, Texas, in a trailer home next door to the home of Mr. Sherrell's mother and father. Mrs. Sherrell's family live in Lawrence County, Tennessee. Problems in the marriage led the Sherrells to return to Lawrence County on several occasions. The first such episode in the record occurred when Mrs. Sherrell came to Lawrence County in April of 1994, and ended when she returned to Waxahachie in May of that same year.

Mrs. Sherrell returned again to Lawrence County in December of 1995 after her husband allegedly committed an act of physical violence against her. Robbie Sherrell subsequently made many promises that he would no longer abuse his wife, and she went back to Texas. However another episode of domestic violence led Robbie Sherrell, Karla Sherrell and their child to move to Tennessee on March 15

1996. On May 19, 1996, while they were still in Tennessee, Mr. Sherrell allegedly abused Mrs. Sherrell once more. She set out the details of the alleged abuse in a criminal warrant she swore out against her husband. Mr. Sherrell was arrested. Upon making bond, he returned to Texas.

## II. Divorce Proceedings and Interlocutory Appeal

Mrs. Sherrell allowed her husband to persuade her to return to Texas about two weeks later. She states "[a]t the time I went back to Texas it was my intention to live there only if my husband quit his acts of physical violence towards me." She claims that the pattern of abuse continued, and she returned to Lawrence County on or about September 3, 1996. She filed for divorce in the Chancery Court of Lawrence County on September 10, 1996.

Robbie Sherrell subsequently filed his own suit for divorce in Ellis County Texas, on November 18, 1996. The Texas court dismissed that suit, apparently because it had been made aware of the Tennessee proceedings.

Mr. Sherrell responded to the Tennessee divorce complaint by making a limited appearance for the purpose of moving the trial court to dismiss the complaint for lack of jurisdiction and forum non conveniens. He argued that the parties were both residents of Texas, not Tennessee, that Texas was the home state of Robbie Sherrell Jr. under the Uniform Child Custody Jurisdiction Act, and that Texas was therefore the more appropriate forum for determining both divorce and child custody.

The trial court overruled the motion on the ground that the complaint alleged that "the Defendant was guilty of acts constituting inappropriate marital conduct while the Plaintiff and the Defendant were bona fide residents of the State of

Tennessee." See Tenn. Code Ann. § 36-6-104(a), and *Atchley v. Atchley*, 585 S.W.2d 614 (Tenn. App. 1978).

Mr. Sherrell then moved the trial court for interlocutory appeal by permission under Rule 9(a) T.R.A.P. The trial court granted the motion, and this court granted his application for appeal, solely on the question of the trial court's jurisdiction over the issue of child custody.

### III. The UCCJA and Home State Jurisdiction

Both parties acknowledge that this court must look to the Uniform Child Custody Jurisdiction Act, Tenn. Code Ann. § 36-6-201, et seq. to make its determination. The UCCJA was established, among other things, to enable the court to "promote cooperation with the courts of other states to the end that a custody decree is rendered in that state which can best decide the case in the interest of the child." Tenn. Code Ann. § 36-6-201(a)(2).

The UCCJA makes the "home state" of the child "the preferred if not exclusive basis for awarding or modifying custody." *Brown v. Brown*, 847 S.W. 2d 496, 508 (Tenn. 1993). The definition of home state is found in Tenn. Code Ann. § 36-6-602, and reads in relevant part:

> (5) "Home state" means the state in which the child immediately preceding the time involved lived with such child's parents, a parent or a person acting as parent, for at least six (6) consecutive months, . . . . Periods of temporary absence of any of the named persons are counted as part of the six (6) months or other period.

The phrase "immediately preceding the time involved" means the period of time prior to the institution of the action. *State ex rel Cooper v. Hamilton*, 688 S.W.2d 821, 823 (Tenn. 1985). "The period during which a child has resided in this state pending resolution of a custody dispute may not be considered in reckoning the

- 4 -

time necessary to establish 'home state' jurisdiction." *Boyd v. Boyd*, 653 S.W.2d 732, 738 (Tenn. App. 1983). Therefore for the purposes of these proceedings, Tennessee has not become the home state of Robbie Sherrell Jr. by virtue of the time he has spent in this state between September 3, 1996 and this appeal.

Although the appellee argues otherwise, it appears from the undisputed facts in the record that Tennessee cannot be considered the home state of Robbie Sherrell Jr., and if the child has a home state, it must be Texas. The parties had a fixed habitation in Texas, but when they were in Tennessee, they stayed in the homes of relatives. Robbie Sherrell Jr. was listed on the Texas Medicaid roll. The appellee had a Texas driver's license. The motor vehicle of the parties was registered in the State of Texas. Mrs. Sherrell entered into a two-year rental-purchase agreement for furniture in August of 1996 on which she listed a Waxahachie home address. All these facts tend to show that the child's home state was Texas, with periods of temporary absence in Tennessee, rather than the other way around.

Tenn. Code Ann. § 36-6-203(a)(1) gives this state jurisdiction to determine child custody when it is the home state of the child, but under limited circumstances, Tennessee may issue a custody order, even if it is not the child's home state, when

> It appears that no state has jurisdiction under subdivision (a)(1), or each state with jurisdiction under subdivision (a)(1) has declined to exercise jurisdiction on the ground that this state is the more appropriate forum to determine the custody of the child; and
> (B) The child and at least one (1) contestant have a significant connection with this state; and
> (C) There is available in this state substantial evidence concerning the child's present or future care, protection, training and personal relationship; and
> (D) It is in the best interest of the child that a court of this state assume jurisdiction.

Tenn. Code Ann. § 36-6-203(a)(2).

The appellee moved this court to modify the record on appeal by allowing her to file an authenticated copy of the transcript of the record of the Texas divorce action, including the order dismissing that action. This court denied the motion, because matters concerning the content of the record on appeal are primarily questions for the trial court. At the time of oral argument, the trial court had not yet ruled on the motion.

Though we do not have the Texas court's order before us, the parties have given us no reason to believe that the Texas court specifically found Tennessee to be a more appropriate forum for the determination of child custody than Texas.

### IV. Communication with other Courts

The UCCJA instructs the trial court to examine the pleadings for information as to the child's residence for the five years previous to the filing of the complaint. See Tenn. Code Ann. § 36-6-210. It also must consult the child care registry that the clerk of each court is required to maintain for communications as to the pendency of custody proceedings in other states which may affect the jurisdiction of the trial court. See Tenn. Code Ann. § 36-6-217. If the court has reason to believe that proceedings are pending in another state, it must make an inquiry to the state court administrator or other appropriate official of the other state. Tenn. Code Ann. § 36-6-207(c). If the trial court learns from these inquiries that there is a proceeding pending in another state, it should not exercise its jurisdiction unless the other state has stayed its proceedings for an appropriate reason. Tenn. Code Ann. § 36-6-207(a).

There is nothing in the record to indicate that there was any communication between the Texas court and the Tennessee court such as is contemplated by the Act. In all fairness to the trial court, we must note that it may not

have been as attentive to these requirements as it should have been, because the appellee's attorney failed to complete that part of the initial divorce complaint that requires her to disclose the child's address for the past five years.

One purpose of the UCCJA is to "[d]eter abductions and other unilateral removals of children undertaken to obtain custody awards." Tenn. Code Ann. § 36-6-201(5). Though Mrs. Sherrell may have left Texas for a valid reason, i.e. to escape an abusive relationship, her departure should not have the effect of stripping the Texas courts of jurisdiction over the custody of a child whose home is in that state.

Further, we believe that one purpose of requiring substantive communication between the courts is to prevent a "race to the courthouse" which would give an unfair jurisdictional advantage to the party filing first. If the Texas court dismissed Mr. Sherrell's case under a misconception that the earlier-filed Tennessee divorce complaint relieved it of the obligation to look to the Texas version of the UCCJA to determine if it had jurisdiction over the child custody aspects of this case, we would be reluctant to award Mrs. Sherrell the benefits flowing from such an error.

We would also be reluctant to support the proposition that the trial court could bootstrap its jurisdiction over the divorce, which is not at issue here, into jurisdiction over child custody, in the face of explicit provisions in the UCCJA that require it confer with the Texas court to determine if Texas has declined to exercise jurisdiction on the grounds listed in Tenn. Code Ann. § 36-6-203(a)(2).

**V.**

The facts before us are not sufficient to confer jurisdiction on the trial court to determine the custody of Robbie Sherrell Jr. We therefore remand this case to the trial court so that it may consult with the Texas court, learn the status of any

proceedings there, and reach a mutually acceptable decision on child custody jurisdiction. We see no legal obstacle to a bifurcated proceeding, with divorce determined in one state and child custody in the other, but as a practical matter, and for the benefit of all parties, it would probably be best if all the issues were determined in a single forum, whether that forum be in Tennessee or Texas.

This cause is remanded to the Chancery Court of Lawrence County for further proceedings consistent with this opinion. Costs of this appeal are taxed against the appellee, Karla Wynette Sherrell.

_____
BEN H. CANTRELL, JUDGE

CONCUR:

_____
HENRY F. TODD, PRESIDING JUDGE
MIDDLE SECTION

_____
WILLIAM C. KOCH, JR., JUDGE