Walter W. BROWN *v.* Kathey M. BROWN

CA 83-90                                              663 S.W.2d 190

Court of Appeals of Arkansas
Division II
Opinion delivered January 18, 1984

*Denver L. Thornton,* for appellant.

*David L. Staton,* Legal Services of Arkansas, Inc., for appellee.

DONALD L. CORBIN, Judge. Appellant, Walter W. Brown, and appellee, Kathey M. Brown, were divorced on December 5, 1979, by decree of the chancery court of Union County, Arkansas. Custody of the minor children was awarded to appellee with certain visitation rights to appellant. On June 23, 1982, appellant filed a motion to amend child visitation. Appellee had moved to Ohio shortly after the divorce taking the children with her after posting a $1,000.00 bond. The chancellor ruled that in accordance with Ark. Stat. Ann. § 34-2703 (Supp. 1983), the chancery court of Union County, Arkansas, no longer had proper subject matter jurisdiction to hear or enter any order affecting the custody rights or visitation rights with regard to the minor children and dismissed appellant's motion. We reverse and remand.

The issue on appeal is whether the chancellor erred in dismissing appellant's motion to amend child visitation for lack of subject matter jurisdiction pursuant to the Uniform Child Custody Jurisdiction Act, Ark. Stat. Ann. § 34-2701 et seq.

Custody determination as used in the Uniform Child Custody Jurisdiction Act "means a court decision and court orders and instructions providing for the custody of a child, *including visitation rights;* it does not include a decision relating to child support or any other monetary obligation of any person." Ark. Stat. Ann. § 34-2702(2) (Supp. 1983) (emphasis ours). In the case at bar appellant seeks a modification of his visitation rights which determination is governed by our Uniform Child Custody Jurisdiction Act. The original decree of divorce awarded appellant reasonable visitation which included one week during Christmas and Christmas Day, reasonable weekend visitations upon five

days' notice and two weeks of visitation during the summer each year upon reasonable notice to appellee. Appellant's motion requested that the original decree of divorce be amended and that he be granted eight weeks of visitation each summer, as well as one week during Christmas and Christmas Day and that all child support be abated during the requested periods of visitation.

Both Arkansas and Ohio have adopted the Uniform Child Custody Jurisdiction Act. Our Act was approved February 9, 1979, and became effective July 20, 1979 (90 days after the legislature recessed on April 20, 1979). The purpose of the Act is to promote cooperation between the courts of various states so the state that can best serve the interests of the child will decide the matter. It is designed to discourage continuing controversies and avoid competition and conflict between the courts of the various states. Ark. Stat. Ann. § 34-2701 (Supp. 1983).

The trial court had the discretion in the instant case to take jurisdiction under the alternative situation set forth in Ark. Stat. Ann. § 34-2703(a)(2) which provides:

(a) A court of this State which is competent to decide child custody matters has jurisdiction to make a child custody determination by initial or modification decree if:

. . . (2) it is in the best interest of the child that a court of this State assume jurisdiction because (i) the child and his parents, or the child and at least one [1] contestant, have a significant connection with this State, and (ii) there is available in this State substantial evidence concerning the child's present or future care, protection, training, and personal relationships; or . . .

Pursuant to the above authority, Arkansas undoubtedly had jurisdiction to hear the evidence on the issue of whether or not a modification of appellant's visitation rights was in order. We hold that the trial court erred in finding that it no longer had proper subject matter jurisdiction in regard to the visitation rights of appellant. The minor children and

appellant have a significant connection in Arkansas and there is available in Arkansas substantial evidence concerning the minor children's present or future care, protection, training and personal relationships in regard to the visitation rights of appellant. Such evidence would include, but is not limited to, the suitability of appellant's home and the ability of appellant to supervise the children while visiting with him in Arkansas. The Arkansas court is in a much better position to obtain the facts which bear on the fitness of appellant and the best interest of the minor children in regard to any change in visitation.

Accordingly, we reverse and remand for a hearing on the merits of appellant's motion to amend child visitation.

Reversed and remanded.

CLONINGER and COOPER, JJ., agree.