## Cindy C. (WALKER) O'DANIEL *v.*
## Ricky E. WALKER

CA 84-295                                    686 S.W.2d 805

Court of Appeals of Arkansas
Division I
Opinion delivered April 3, 1985

*Boswell, Smith & Clardy,* by: *David E. Smith,* for appellant.

*Dowd, Harrelson & Moore,* by: *Gene Harrelson,* for appellee.

JAMES R. COOPER, Judge. The appellant appeals the chancellor's decision finding that she was in contempt of court because she failed to obey the chancellor's order directing her to deliver custody of her children to the appellee. She argues that the Little River Chancery Court was without jurisdiction to order a change in custody, and, lacking jurisdiction, any such order was void and therefore she cannot be punished for failure to obey such an order. We disagree and affirm the chancellor.

After about ten years of marriage, during which time two children were born, the parties were divorced in the Little River Chancery Court in 1981. The appellant was awarded custody of the children, with visitation privileges being vested in the appellee. After the divorce the appellant moved to Mississippi. She later remarried and moved to Tennessee. The appellee remained in Arkansas.

In 1983 the appellant filed a petition in Little River Chancery Court seeking modification of the appellee's visitation rights. The appellee responded and counter-claimed seeking custody of the minor children. After a hearing at which all parties were present, the chancellor entered an order on December 16, 1983, which changed custody from the appellant to the appellee. The order required that the appellant deliver custody of the children on December 25, 1983. The appellant then traveled back to Tennessee where she initiated an action seeking temporary and permanent custody, and on that same day, December 22, 1983, the Tennessee court awarded her temporary custody. Although the appellant initially filed a notice of appeal from the decision of the Little River Chancery Court, the notice of appeal was later withdrawn and no appeal from that order was ever taken.

In January, 1984, the appellee unsuccessfully challenged the Tennessee court's jurisdiction, and on March 21, 1984, he filed a petition in the Little River Chancery Court seeking a finding that the appellant was in contempt of court for her failure to deliver the children. With appellant's counsel present, the chancellor found the appellant in contempt on April 30, 1984. The chancellor denied a motion

to dismiss or to stay enforcement of the order pending appeal, and sentencing was scheduled for June 4, 1984. Later, on his own motion, the chancellor stayed execution of the order pending a decision on this appeal.

The appellant argues that the Little River Chancery Court order which changed custody was void for want of jurisdiction, citing 28 U.S.C., Section 1738A (Supp. 1984), the Parental Kidnapping Prevention Act of 1980. The basis for her argument is that the Arkansas court failed to meet one of the conditions set out in section (c)(2) which are required for the exercise of jurisdiction. We disagree. Subsection (d) of the Act provides:

> The jurisdiction of a court of a State which has made a child custody determination consistently with the provisions of this section continues as long as the requirement of subsection (c)(1) of this section continues to be met and such State remains the residence of the child or of any contestant.

Subsection (c)(1) states:

> A child custody determination made by a court of a State is consistent with the provisions of this section only if — (1) such court has jurisdiction under the law of such state, . . .

Under the Uniform Child Custody Jurisdiction Act, Ark. Stat. Ann., Section 34-2701 (Supp. 1983), *et seq.*, the Little River Chancery Court clearly had jurisdiction to modify its January 14, 1981 custody order, the original order entered at the time of the divorce. Section 34-2703(a) states:

> A court of this State which is competent to decide child custody matters has jurisdiction to make a child custody determination by initial or modification decree if: . . . (2) it is in the best interest of the child that a court of this State assume jurisdiction because (i) the child and his parents, or the child and at least one (1) contestant, have a significant connection with this State, and (ii) there is available in this State substantial

evidence concerning the child's present or future care, protection, training, and personal relationships; or . . .

The Little River Chancery Court has had continuing jurisdiciton over this case since its initial custody determination in 1981. Although the appellant removed herself from the State of Arkansas, the appellee has continued to reside in Little River County; that county's chancery court has exercised jurisdiction over these parties on several occasions since the entry of the original decree; and no other state, including Tennessee, has exercised any jurisdiction with regard to these children prior to the entry of the Arkansas order. Because of these facts, the requirements of subsection (d) of 28 U.S.C., Section 1738A are met. Further, since Ark. Stat. Ann., Section 34-2703(a)(1) confers jurisdiction on Little River County Chancery Court, subsection (c)(1) of 28 U.S.C., Section 1738A is also satisfied.

This Court, in *Brown* v. *Brown,* 10 Ark. App. 251, 663 S.W.2d 190 (1984) held that the trial court erred in holding that it no longer had jurisdiciton under Ark. Stat. Ann. § 34-2703 to hear or enter any order affecting child custody or visitation rights. In that case, the mother who had been awarded custody of the minor children moved to Ohio shortly after a divorce was granted in Union County Chancery Court. The father remained in Arkansas and subsequently filed a motion seeking modification of his visitation rights. Citing Ark. Stat. Ann., § 34-2703(a)(2), we stated:

Pursuant to the above authority, Arkansas undoubtedly had jurisdiction to hear the evidence on the issue of whether or not a modification of appellant's visitation rights was in order. . . . The minor children and appellant have a significant connection in Arkansas and there is available in Arkansas substantial evidence concerning the minor children's present or future care, protection, training and personal relationships in regard to the visitation rights of appellant.

*See also Sanders* v. *Sanders,* 1 Ark. App. 216, 615 S.W.2d 375 (1981).

We hold that the Little River Chancery Court had continuing jurisdiction to modify its original January 14, 1981 custody and visitation order. Therefore, the trial court had the authority to punish the appellant for failing to obey its lawful orders. We observe that no argument is made that the change in custody was not justified, nor would such an argument be entertained now, since the appellant allowed the court's 1983 order to become final.

The appellant also argues that the Tennessee order was a valid one which superseded the Arkansas order, thus relieving her of any obligation to obey the Arkansas order. We disagree. Even if the Tennessee custody order is valid that fact would not render her immune from a finding of contempt in the Arkansas courts for violation of a valid, final Arkansas order. As explained above, the Arkansas court had jurisdiction to modify custody and visitation and its order has become final. At the time the appellant initiated the Tennessee action she was already under an order from the Arkansas court to deliver the children, and whether another state could have exercised jurisdiction concurrently with Arkansas or not, the Arkansas court may enforce its final order.

The appellant sought relief in Arkansas courts, relief which the Arkansas courts had the authority to provide, and, having received an adverse decision, the appellant seeks to find a forum which will afford her the relief she sought. Such action is contrary to the purposes of the Uniform Child Custody Jurisdiction Act and the Parental Kidnapping Prevention Act.

Affirmed.

CLONINGER and GLAZE, JJ., agree.