**Michelle YOUNG (Smith),
Plaintiff–Appellant,**

v.

**Rodney SMITH, Defendant–Appellee.**

Court of Appeals of Tennessee,
Western Section, at Jackson.

Aug. 14, 1996.

Application for permission to Appeal
Denied by Supreme Court Feb. 3, 1997.

Law Office of Don Owens, P.A., Stuart Brian Breakstone, Memphis, for Plaintiff–Appellant.

Caren B. Dantzker, Evans & Petree, Memphis, for Defendant–Appellee.

CRAWFORD, Presiding Judge, Western Section.

This case involves an interstate custody dispute. Plaintiff–Appellant, Michelle Young Smith (Appellant), appeals the decision of the Shelby County Chancery Court dismissing her petition for lack of subject matter jurisdiction and lack of personal jurisdiction over Rodney Smith, Defendant–Appellee (Appellee).

The parties hereto were married in October, 1991, in Arkansas and divorced by decree of the chancery court of Randolph County, Arkansas, entered December 23, 1992. Prior to the parties' marriage, appellant had a child, Dustin Andrew Smith, and in the divorce proceedings, blood test results proved that the appellee was not the biological father of the child. Notwithstanding the lack of paternity, appellee sought and was granted certain visitation privileges, which produced the present controversy.

In June, 1993, the Arkansas court modified appellee's visitation rights and in January, 1994, in connection with a contempt citation against appellant, entered an agreed order concerning the details of the visitation arrangements.

Appellant's petition filed January 3, 1995, seeks to enroll and enforce the Arkansas decrees dealing with visitation rights granted to the appellee. Filing and enforcement of foreign judgments is provided for by T.C.A. § 26–6–101 et seq. (1980). Enforcement of such judgments concerning child visitation is appropriate pursuant to 28 U.S.C. § 1738 A(a) (1994). However, it appears that the parties and the trial court treated the petition as seeking a modification of the prior Arkansas decrees to eliminate appellee's visitation with appellant's minor child. In the interest of judicial economy, we will consider the case in the same light.

Although the petition does not state when appellant became a resident of Tennessee with her child, the parties concede in their briefs that petitioner and the child were residents of Tennessee at least six months before the petition was filed. In response to appellant's petition, appellee filed a motion to dismiss attacking the court's subject matter jurisdiction and also asserted that the court had no personal jurisdiction over him. The trial court dismissed appellant's petition, and appellant has appealed presenting a single issue for review, as stated in her brief:

> Whether the trial court erred in dismissing Plaintiff's Petition for Registration, Enrollment, and Enforcement of Final Decree where Plaintiff and minor child have been residents of Memphis, Shelby County, Tennessee, for six months preceding the filing of the Petition, and at the time of the filing of the Petition there was no action pending in a foreign forum.

As previously noted, the parties have treated the petition in the instant case as a petition to modify the previous Arkansas decrees concerning visitation with the minor child. Thus, the real question for the Court, as presented by the briefs of the parties, is whether the Tennessee court or the Arkansas court under the conceded facts has jurisdiction to consider the visitation issue.

■ Child custody cases present jurisdictional issues which require this Court to refer to the Uniform Child Custody Jurisdictional Act (UCCJA) of the appropriate states; see, e.g. T.C.A. § 36–6–201 et seq. (Michie 1991); Ark.Code Ann. § 9–13–201 et seq. (Michie 1987 & Supp.1995), and the Parental Kidnapping Prevention Act (PKPA), 28 U.S.C.A. § 1738A (West 1994). Where provisions of a state's UCCJA are in conflict with the PKPA, the PKPA preempts the law of the individual state. Brown v. Brown, 847 S.W.2d 496 (Tenn.1993); Atkins v. Atkins, 308 Ark. 1, 823 S.W.2d 816 (1992).

The parties do not dispute that Arkansas had jurisdiction to render the initial child custody order at the time of divorce.[1] This Court must determine whether Arkansas retains jurisdiction to consider a request to modify that decree.

Although Tennessee is now the "home state"[2] of the minor child, the PKPA provides that a state which makes an initial custody determination retains jurisdiction to modify that decision if "the requirement of subsection (c)(1) of this section continues to be met and such State remains the residence of the child or of any contestant." 28 U.S.C.A. § 1738 A(d). Subsection (c) provides:

> A child custody determination made by a court of a State is consistent with the provisions of this section only if—
>
> (1) such court has jurisdiction under the law of such State . . .

28 U.S.C.A. § 1738 A(c). Thus, under subsection (c), this Court is required to refer to Arkansas's jurisdictional requirements to de-

---

1. The PKPA defines a "custody determination" as "a judgment, decree, or other order of a court providing for the custody or visitation of a child, and includes permanent and temporary orders, and initial orders and modifications". 28 U.S.C.A. § 1738A(b)(3). (Emphasis added.)

2. Under the PKPA a home state is "the State in which, immediately preceding the time involved, the child lived with his parents, a parent, or a person acting as parent, for at least six consecutive months...." 28 U.S.C.A. § 1738A (b)(4).

termine whether or not Arkansas continues to have jurisdiction under its own law.

Arkansas's jurisdictional statute provides that Arkansas courts have jurisdiction to modify a child custody determination if, *inter alia:*

It is in the best interest of the child that a court of this state assume jurisdiction because (i) the child and his parents, or the child and at least one (1) contestant, have a significant connection with this state and (ii) there is available in this state substantial evidence concerning the child's present or future care, protection, training, and personal relationships.

Ark.Code Ann. § 9–13–203(a)(2). Although Tennessee's version of the UCCJA would require this Court to determine whether Arkansas or Tennessee is Dustin's "home state" before considering the "significant connection" test, Arkansas's laws allow the courts of that state to assert jurisdiction based on *either home state status or on the basis of a significant connection* of the child and one contestant to the state.

█ Under the PKPA, this Court is required to defer to the jurisdictional standards established by the Arkansas courts. We find that under Arkansas law, that state has continuing jurisdiction because, one, Rodney Smith, a contestant, is a resident of Arkansas and by virtue of that fact has significant connections with that state and two, Dustin Smith, the child, was born there and continues to visit Arkansas on a regular basis. Under Arkansas law, Dustin's visits constitute a significant connection with that state. *See, e.g. Brown v. Brown*, 10 Ark.App. 251, 663 S.W.2d 190, 191 (1984) (finding that children had "significant connection" under § 9–13–203(a)(2) [former Ark.Code Ann. § 34–2703(a)(2) ] with Arkansas based on the fact that children visited their father in Arkansas for "reasonable weekend visitations . . . and two weeks . . . during the summer"); *O'Daniel v. Walker*, 14 Ark.App. 210, 686 S.W.2d 805, 806–07 (1985) (finding that Arkansas had continuing jurisdiction to modify a custody decree because the children, who resided with their mother in Tennessee but visited their father in Arkansas, where he was a resident, had a "significant connection"

with Arkansas as required by § 9–13–203(a)(2) [former Ark.Code Ann. § 34–2703(a)(2) ] ). Furthermore, there is evidence in the instant case that the Arkansas courts have had numerous dealings with the parties and thus have "substantial evidence concerning the child's present or future care, protection, training, and personal relationships," as required by the statute. Ark.Code Ann. § 9–13–203(a)(2).

Although Arkansas law controls in the case at bar, the example cited by the Tennessee Supreme Court in *State ex rel. Cooper v. Hamilton* is instructive in explaining the concept of continuing jurisdiction under the PKPA:

A typical example is the case of the couple who are divorced in State A, their matrimonial home state, and whose children are awarded to the wife, subject to visitation rights of the husband. Wife and children move to state B, with or without permission of the court to remove the children. State A has continuing jurisdiction and the courts in state B may not hear the wife's petition to make her the sole custodian, eliminate visitation rights, or make any other modification of the decree, even though state B has in the meantime become the 'home state' under section 3 [of the UCCJA]. The jurisdiction of state A continues and is exclusive as long as the husband lives in state A unless he loses contact with the children, for example, by not using his visitation privileges for three years.

688 S.W.2d 821, 826 (Tenn.1985).

Because Arkansas has continuing jurisdiction under the PKPA, the courts of this state may not assert jurisdiction to affect the Arkansas custody determination. The PKPA provides:

(f) A court of a State may modify a determination of the custody of the same child made by a court of another State, if—

(1) it has jurisdiction to make such a child custody determination; and

(2) the court of the other State no longer has jurisdiction, or it has declined to exercise such jurisdiction to modify such determination.

(g) A court of a State shall not exercise jurisdiction in any proceeding for a custody determination commenced during the pendency of a proceeding in a court of another State where such court of that other State is exercising jurisdiction consistently with the provisions of this section to make a custody determination.

28 U.S.C.A. § 1738A. Clearly, Arkansas has not declined to exercise jurisdiction in this case. The courts of this state are therefore without subject matter jurisdiction to render a custody decision. 28 U.S.C.A. § 1738A(f), (g).

The order of the trial court is affirmed. Costs of appeal are assessed against the appellant.

FARMER and LILLARD, JJ., concur.