# IN THE COURT OF APPEALS OF TENNESSEE
## AT JACKSON JANUARY 1999 SESSION

FILED

**February 4, 1999**

**Cecil Crowson, Jr.**
Appellate Court Clerk

MELISSA (BUCKLEY) HATCHELL,

      Petitioner/Appellant

v.

JERRY BUCKLEY,

      Respondent/Appellee

)
)
)
)
)
)
)
)
)
)
)
)

Shelby Chancery No. 109146-3

Appeal No. 02A01-9801-CV-00008


## APPEAL FROM THE CHANCERY COURT OF SHELBY COUNTY
## AT MEMPHIS, TENNESSEE
## THE HONORABLE D. J. ALISSANDRATOS, JUDGE


**For the Appellant:**

Beth Cocke
W. Chris Harrison
1080 Brookfield, Suite 100
Memphis, TN 38119

**For the Appellee:**

Dorothy J. Pounders
1770 Kirby Parkway, Suite 100
Memphis, TN 38138


AFFIRMED


                WILLIAM H. INMAN, SENIOR JUDGE

CONCUR:


W. FRANK CRAWFORD, JUDGE

DAVID R. FARMER, JUDGE

**O P I N I O N**

These parties were divorced in Arkansas on April 17, 1996. A Property Settlement Agreement was incorporated in the judgment which awarded custody of two children to Mother.

In August, 1996, Mother moved to Tennessee with the children. In the interim, the Arkansas judgment was modified, on October 30, 1996, by awarding standard visitation to Father, who remains a resident of Arkansas.

The modification was not pleasing to Mother, whose failure to obey the Arkansas judgment resulted in a Petition for Contempt being filed against her in the Chancery Court of Crittendon County. She appeared and filed a motion to dismiss, alleging that Arkansas was without jurisdiction, since she and the children had resided in Tennessee more than six months. The Arkansas court disagreed, holding that it had continuing jurisdiction.

On March 13, 1997, Mother filed a Petition to Enroll Foreign Judgment in the Chancery Court of Shelby County, Tennessee, which included a motion to modify it by termination of visitation. This petition was amended the following day to allege that the children had suffered physical abuse, and sought injunctive relief, not otherwise specified.

Father moved to dismiss, alleging that Tennessee lacked jurisdiction. He denied the allegations of abuse. The Chancellor agreed, finding that jurisdiction continued in Arkansas. The Petition to Enroll and Modify was thereupon dismissed.

Mother appeals, and presents for review the propriety of the dismissal of her petition.

Our review of the findings of fact made by the trial Court is *de novo* upon the record of the trial Court, accompanied by a presumption of the correctness

2

of the finding, unless the preponderance of the evidence is otherwise. TENN. R. APP. P., RULE 13(d); *Campbell v. Florida Steel Corp.,* 919 S.W.2d 26 (Tenn. 1996).

*Young v. Smith,* 939 S.W.2d 576 (Tenn. App. 1996) is dispositive of this case. The parties were divorced in Arkansas. Mother and child moved to Shelby County, Tennessee, where Mother sought to enroll the Arkansas judgment and to have it modified. She had resided, with the child, for longer than six months in Tennessee. As here, the thrust of her action in Tennessee was directed to the termination of visitation. As here, a contempt citation was issued by Arkansas because of her defiance of the Arkansas judgment. We held,

> . . . present jurisdictional issues which require this Court to refer to the Uniform Child Custody Jurisdiction Act (UCCJA) of the appropriate states; *see, e.g.* T.C.A. § 36-6-201 *et seq.* (Michie 1991); Ark. Code Ann. § 9-13-201 *et seq.* (Michie 1987 & Supp.1995), and the Parental Kidnaping Prevention Act (PKPA), 28 U.S.C.A. § 1738A (West 1994). Where provisions of a state's UCCJA are in conflict with the PKPA, the PKPA preempts the law of the individual state. *Brown v. Brown,* 847 S.W.2d 496 (Tenn. 1993); *Atkins v. Atkins,* 308 Ark. 1, 823 S.W.2d 816 (Ark. 1992).

> . . . . .

> Although Tennessee is now the 'home state'[1] of the minor child, the PKPA provides that a state which makes an initial custody determination retains jurisdiction to modify that decision if 'the requirement of subsection (c)(1) of this section continues to be met and such State remains the residence of the child or of any contestant.' 28 U.S.C.A. § 1738(A)(d). Subsection (c) provides:

> > A child custody determination made by a court of a State is consistent with the provisions of this section only if -
> > > (1) such court has jurisdiction under the law of such State . . .

---

[1]Under the PKPA, a home state is "the State in which, immediately preceding the time involved, the child lived with his parents, a parent, or a person acting as parent, for at least six consecutive months . . .." 28 U.S.C.A. § 1738A(b)(4).

28 U.S.C.A. § 1738(A)(c). Thus, under subsection (c), this Court is required to refer to Arkansas's jurisdictional requirements to determine whether or not Arkansas continues to have jurisdiction under its own law.

Arkansas's jurisdictional statute provides that Arkansas courts have jurisdiction to modify a child custody determination if, *inter alia:*

> It is in the best interest of the child that a court of this state assume jurisdiction because (i) the child and his parents, or the child and at least one (1) contestant, have a significant connection with this state and (ii) there is available in this state substantial evidence concerning the child's present or future care, protection, training and personal relationships.

Ark. Code Ann. § 9-13-203(a)(2). Although Tennessee's version of the UCCJA would require this Court to determine whether Arkansas or Tennessee is [child's] "home state" before considering the "significant connection" test, Arkansas's laws allow the courts of that state to assert jurisdiction based on *either home state status or on the basis of a significant connection* of the child and one contestant to the state.

Under the PKPA, this court is required to defer to the jurisdictional standards established by the Arkansas courts. We find that under Arkansas law, that state has continuing jurisdiction because [Jerry Buckley] a contestant, is a resident of Arkansas and by virtue of that fact has significant connections with that state and . . . the children were born there and continue to visit Arkansas on a regular basis. Under Arkansas law, [such] visits constitute a significant connection with that state. *See, e.g. Brown v. Brown,* 20 Ark. App. 251, 663 S.W.2d 190, 191 (1984) (finding that children had 'significant connection' under § 9-13-203(a)(2) [former Ark. Code Ann. § 34-2703(a)(2)] with Arkansas based on the fact that children visited their father in Arkansas for 'reasonable weekend visitations . . . and two weeks . . . during the summer'); *O'Daniel v. Walker,* 14 Ark. App. 210, 686 S.W.2d 805-07 (1985) (finding that Arkansas had continuing jurisdiction to modify a custody decree because the children, who resided with their mother in Tennessee but visited their father in Arkansas, where he was a resident, had a 'significant connection' with Arkansas as required by § 9-13-203(a)(2) [former Ark. Code Ann. § 34-2703(a)(2)] ). Furthermore, there is evidence in the instant case that the Arkansas courts have had numerous dealings with the parties and thus have 'substantial evidence concerning the child's present or future care, protection, training, and personal relationships,' as required by the statute. Ark. Code Ann. § 9-13-203(a)(2).

Although Arkansas law controls in the case at bar, the example cited by the Tennessee Supreme Court in *State ex rel. Cooper v. Hamilton*

4

is instructive in explaining the concept of continuing jurisdiction under the PKPA:

> A typical example is the case of the couple who are divorced in State A, their matrimonial home state, and whose children are awarded to the wife, subject to visitation rights of the husband. Wife and children move to State B, with or without permission of the court to remove the children. State A has continuing jurisdiction and the courts in State B may not hear the wife's petition to make her the sole custodian, eliminate visitation rights, or make any other modification of the decree, even though State B has in the meantime become the 'home state' under section 3 [of the UCCJA]. The jurisdiction of State A continues and is exclusive as long as the husband lives in State A unless he loses contact with the children, for example, by not using his visitation privileges for three years.

688 S.W.2d 821, 826 (Tenn. 1985).

Because Arkansas has continuing jurisdiction under the PKPA, the courts of this state may not assert jurisdiction to affect the Arkansas custody determination. The PKPA provides:

> (f) A court of a State may modify a determination of the custody of the same child made by a court of another State, if -
>
> > (1) it has jurisdiction to make such a child custody determination; and
> >
> > (2) the court of the other State no longer has jurisdiction, or it has declined to exercise such jurisdiction to modify such determination.
>
> (g) A court of the State shall not exercise jurisdiction in any proceeding for a custody determination commenced during the pendency of a proceeding in a court of another State where such court of that other State is exercising jurisdiction consistently with the provisions of this section to make a custody determination.
> 28 U.S.C.A. § 1738A.

*Young v. Smith,* 939 S.W.2d 576 (Tenn. App. 1996).

Arkansas has not declined to exercise jurisdiction in this case, and the

Courts of Tennessee are therefore without subject matter jurisdiction.

The judgment is affirmed at the costs of the appellant.

5

_____

William H. Inman, Senior Judge

CONCUR:


_____

W. Frank Crawford, Judge


_____

David R. Farmer, Judge

# IN THE COURT OF APPEALS OF TENNESSEE
## AT JACKSON JANUARY 1999 SESSION

-------------------------------------------------------------------------

MELISSA (BUCKLEY),      )
HATCHELL,      ) Shelby Chancery No. 109146-3
     )
       Respondent/Appellant      )
     ) Appeal No. 02A01-9801-CV-00008
v.      )
     )
JERRY BUCKLEY,      )
     )
       Petitioner/Appellee      )

_____

# J U D G M E N T
_____

This cause came on to be regularly heard and considered by this Court, and for the reasons stated in the Opinion of this Court filed this date, it is ORDERED that:

1. The judgment of the trial court is affirmed.

2. Costs of this appeal are taxed against the appellant, Melissa (Buckley) Hatchell, for which execution may issue if necessary.

_____

INMAN, S.J.


_____

CRAWFORD, J.


_____

FARMER, J.